UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2008 JUL -2 A 10: 46

| | | |
|---|---|---|
| Stefano D'Angola | ) | COMPLAINT AND REQUEST |
| Plaintiff | ) | FOR TRIAL BY JURY |
| v. | ) | |
| Sunrise Credit Services, Inc. | ) | Civil Action No. 1:08-cv-265-PB |
| Defendant | ) | |

## COMPLAINT

### I. INTRODUCTION

1. Plaintiff brings this action for damages against defendant for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. 1692 ("FDCPA"), New Hampshire's Unfair, Deceptive or Unreasonable Collection Practices Act, N.H. Rev. Stat. Ann. Ch. 358-C, and New Hampshire's Regulation of Business Practices For Consumer Protection Act, N.H. Rev. Stat. Ann. Ch. 358-A.

### II. SUBJECT MATTER JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff Stefano D'Angola is an natural person residing in Nashua, New Hampshire and is a consumer as defined by 15 U. S. C. 1692a(3) and NH RSA 358-C: 1(I).

4. Defendant, SUNRISE CREDIT SERVICES, INC., is a New York corporation [Hereinafter referred to as "SUNRISE"] located at 260 Airport Plaza, Farmingdale, New York, 11735, and is engaged in the business of collecting debts in this state. Defendant is a "debt collector" as defined by 15 U.S.C. 1692a(6) and N.H. RSA 358-C:1(VIII).

## IV. FACTUAL ALLEGATIONS

5. SUNRISE sought to collect an alleged consumer debt from Plaintiff arising from an overdraft line of credit account with Bank of America.

6. Defendant left the following messages on Plaintiff's voicemail:

"Stefano, contact Eddy 866-640-9243 ext 2126. Stefano give me a call back. You can reach me until 4pm."

May 12 2008

"Hello Stefano D'Angola contact Eddy. The number is 866-640-9243 ext 2126. I'm here til 11pm."

May 14 2008

"Hi Stefano contact Eddy. The number is 866-640-9243 ext 2126 I'm here til 11pm Eastern Standard Time."

May 15 2008

"Stefano this is your final courtesy call. It's Eddy. Number is 866-891-3257 ext. 2126. I'm here til 11pm."

May 21 2008

"Hello this message is for Stefano. This is Kristy. Please call me back at 866-640-9243."

7. These messages are "communications" as defined by 15 U.S.C. 1692a(2).

8. Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector, failed to provide the name of the company, and failed to disclose the purpose of Defendant's messages.

9. Defendant also contacted Plaintiff's father, Luigi D'Angola, on numerous occasions, and discussed Plaintiff's account without permission from Plaintiff or Plaintiff's co-signer Bianca D'Angola.

10. On May 23, 2008, Plaintiff's father, a 3rd party to the account, negotiated a reduced settlement amount for Plaintiff's account and sent payment overnight mail in hopes of stopping Defendant's continuous phone calls and subsequently requested payment of the same amount from Plaintiff.

11. On May 27, 2008, Plaintiff received a letter claiming that Defendant had spoken directly with Plaintiff regarding a settlement payment and stated that the offer was only valid until May 28, 2008.

12. Plaintiff never spoke to the Defendant about a settlement and only communicated that Plaintiff contested the amount owed on the account.

### Count I - Violations of the Federal Fair Debt Collection Practices Act
### 15 USCS § 1692

13. The allegations of paragraphs 1 through 12 are incorporated herein by reference.

14. Defendant placed telephone calls and left voicemails without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. 1692d(6);

15. Defendant failed to disclose in any of the voicemails that the communication was from a debt collector, in violation of 15 U.S.C. 1692e(11).

16. Defendant's numerous communications with Plaintiff's father are in violation of 15 U.S.C. 1692c(b) since he does not fall under the Act's definition of consumer, which it defines as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. 1692a(3) and also includes in it's definition "the consumer's spouse, parent (**if the consumer is a minor**), guardian, executor, or administrator." 15 U.S.C. 1692c(d).

17. As a result of Defendants' negligent noncompliance with the requirements of the FDCPA, Plaintiff is entitled to statutory damages up to $1000 and costs pursuant to 15 U.S.C. 1692k(a)(2)(A).

## Count II - Violation of New Hampshire's Unfair, Deceptive or Unreasonable Collection Practices Act

18. The allegations of paragraphs 1 through 17 are incorporated herein by reference.

19. The Bank of America overdraft line of credit account arises out of a "consumer credit transaction" since it involved money borrowed on credit and repayable with interest with the proceeds used for family, household or personal purposes. RSA 358-C: 1, II.

20. The Bank of America overdraft line of credit account also satisfies the definition of "consumer transaction" because it is a transaction between plaintiff and Bank of America for the provision of credit. RSA 358-C:1,III.

21. Plaintiff is a "consumer" as he accepted credit which he used for personal, household or family purposes. RSA 358-C:1,1.

22. Defendant is a "debt collector" as defined by RSA 358-C: 1. VIII, because they, for a fee, engaged in direct or indirect action and practice to enforce or attempt to enforce the alleged debt owed by the plaintiff as a result of a consumer transaction.

23. Defendant's communications with Plaintiff failed to disclose "the name of the person (as defined in RSA 358-C:1, X) for whom the debt collector is attempting to collect the debt" in violation of RSA 358-C:3, I.

24. As a result of Defendants' violations of RSA-C:3, Plaintiff is entitled to statutory damages of $200 for each violation and costs associated with this action per RSA 358-C:4.

## Count III - Violation of New Hampshire's Regulation of Business Practices for Consumer Protection Act

25. The allegations of paragraphs 1 through 24 are incorporated herein by reference.

26. RSA 358-C:4. VI provides that any violation of New Hampshire's Unfair Collection Practices Act, RSA 358-C, shall also constitute an unfair and deceptive act or practice within the meaning of RSA 358-A:2.

27. The above mentioned violations of RSA 358-C are each violations

of RSA 358-A:2.

28.     Plaintiff is entitled to statutory damages of at least $ 1,000 and as much as $3,000, plus costs for each violation of RSA 358-C pursuant to RSA 358-A:10.

## CLAIM FOR RELIEF

WHEREFORE, plaintiff, STEFANO D'ANGOLA, respectfully requests that judgment be entered against defendant, SUNRISE CREDIT SERVICES for the following:

a) Statutory damages for Defendants' negligent noncompliance with the requirements of 15 U.S.C. 1692, pursuant to 15 U.S.C. 1692k;

b) Statutory damages pursuant to RSA 358-C:4 and RSA 358-A: 10 for each of Defendants' violations of RSA 358-C:3;

c) Costs pursuant to 15 U.S.C. 1692k, RSA 358-A: 10 and RSA 358-C:4; and

d) For such other and further relief as the Court may deem just and proper.

PLAINTIFF DEMANDS TRIAL BY JURY

Respectfully submitted,

June 27, 2008

Stefano D'Angola, pro se
23 Hunters Lane
Nashua, NH 03063
(917) 847-6642